# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MILO BAKER, a minor,
by MICHELLE BAKER, his mother and
natural guardian
        Plaintiff,

v.                                                  Case No. 05-CR-652

JO ANNE B. BARNHART,
Commissioner of the Social Security Administration
        Defendant.

## DECISION AND ORDER

Plaintiff Michelle Baker brought this action under 42 U.S.C. § 405(g) on behalf of her minor son, Milo, seeking judicial review of the termination of Milo's supplemental security income benefits. I reversed and remanded, Baker v. Barnhart, 410 F. Supp. 2d 757 (E.D. Wis. 2005), and plaintiff now moves for an award of costs and attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant Jo Anne Barnhart, Commissioner of the Social Security Administration, argues that I should deny the motion for fees or, failing that, reduce the amount of any award.[1]

The EAJA provides that a litigant in a civil suit against the federal government is entitled to recover her attorney's fees if: 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there are no "special circumstances" that would make an award unjust; and 4) she filed a timely application for fees with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006).

---

[1]The Commissioner agrees that plaintiff is entitled to costs under § 2412(a).

Because I reversed and remanded the Administrative Law Judge's ("ALJ's") decision under sentence four of § 405(g), plaintiff was the prevailing party in the present case, as the Commissioner concedes. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Raines v. Shalala, 44 F.3d 1355, 1362 (7th Cir. 1995). Plaintiff's application, filed within 30 days of the final judgment, is timely, see § 2412(d)(1)(B), and the Commissioner points to no special circumstances that would make a fee award unjust, see Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) (noting that it is the Commissioner's burden to demonstrate special circumstances). However, the Commissioner argues that the motion should be denied because her position was substantially justified.

The Commissioner bears the burden of showing that the government's position was substantially justified in order to avoid a fee award. Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006). This requires the Commissioner to show that her position had a reasonable basis both in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004) (stating that the EAJA requires "the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded"). The position must be "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." Pierce, 487 U.S. at 565. The position need not be "'justified to a high degree,'" id. at 565, but it must be "more than merely undeserving of sanctions for frivolousness," id. at 566. Although the court makes just one determination on the issue for the entire action, attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct (including the ALJ's decision) or her

litigation position lacked substantial justification. Cunningham, 440 F.3d at 863-64. "Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa." Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).

In the present case, plaintiff argued at the merits stage that the ALJ erred in evaluating her and her mother's testimony and in finding that Milo had a "less than marked" impairment in the domains of acquiring and using information, and attending and completing tasks. I agreed and thus remanded the case. The Commissioner argues that although her position did not pass muster at the merits stage, it was nevertheless reasonable under the less demanding EAJA standard. See Hanrahan v. Shalala, 831 F. Supp. 1440, 1446 (E.D. Wis. 1993) ("Courts recognize that the substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations, and the mere fact that the government loses a case does not create a presumption that its position was not substantially justified.") (internal citations and quote marks omitted). Accordingly, I must take a "fresh look" at the case under the substantially justified standard. See Fed. Elec. Comm'n. v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986)

As noted, I found at the merits stage that the ALJ erred in finding that Milo had less than marked impairments in the domains of acquiring and using information, and attending and completing tasks. The ALJ's discussion of both domains amounted to little more than a summary of some of the evidence followed by bald conclusions, with no bridge from the evidence to the result. I further found that the ALJ recognized but failed to resolve conflicts in the evidence, and failed to consider plaintiff's and her mother's testimony in connection

3

with these two domains. Finally, I found that the errors were not harmless because there was evidence in the record suggesting a "marked" limitation in these two domains. Baker, 410 F. Supp. 2d at 766-69.[2]

The primary flaw in the ALJ's decision in the present case was his failure to explain the basis for the decision. The Seventh Circuit has recognized that the "requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992). Consistent with this statement, the Stein court held that an ALJ's failure "to meet this articulation requirement in no way necessitates a finding the [Commissioner's] position was not substantially justified." Id. at 320.

Under this standard, the Commissioner's position was substantially justified in the present case. As in Stein, although the ALJ failed to construct a bridge from the evidence to the result, there was evidence in the record supporting the decision. "A genuine dispute existed." Id. For example, consultant James L. Paquette, Ph.D., found Milo to be without attention-deficit or hyperactivity disorder features, Milo's expressive language to be adequate and his speech spontaneous and 95% intelligible, and his cognitive functioning in the borderline range. Consultant Michael Mandli, Ph.D., concluded that Milo had no severe impairment, noting that his IQ scores were in the low-average range with commensurate speech and language skills. Consultant Cathy Propper, Ph.D. opined that Milo had a less than marked limitation in acquiring and using information, and no limitations in the other domains. The record contained no medical report indicating that plaintiff had marked limitations in these two domains.

---

[2]A marked limitation in two domains (or an extreme limitation in one) leads to a finding of disabled. Baker, 410 F. Supp. 2d at 761.

The educational records from Milwaukee Public Schools ("MPS") indicated that Milo struggled at times, but he was making progress and spent most of the day in the regular education classroom. The May 2002 IEP noted that Milo participated eagerly in all speech therapy activities and was mostly friendly and cooperative. The December 2003 IEP indicated that Milo was observed during class to be quiet, well behaved, and easily re-directed by the teacher when off-task, with inappropriate/off task behavior not significantly different from peers, and his overall level of intellectual ability was estimated to be in the low-average range compared to peers. As noted in my decision, there were educational records suggesting marked limitations, which the ALJ failed to properly consider (or articulate that he had considered). However, the ALJ did not mischaracterize the evidence or totally ignore evidence supporting Milo's claim. See Cunningham, 440 F.3d at 864 (denying fees where ALJ failed to adequately discuss but did not ignore or mischaracterize evidence).

The ALJ also neglected to discuss plaintiff's testimony in connection with these two domains. However, he did discuss the testimony in other parts of his decision; he did not totally ignore it. Moreover, as the Commissioner reasonably argued at the merits stage, plaintiff's testimony was arguably "consistent with the ALJ's conclusion; a claimant can be credible and yet not disabled under the SSA's strict standards." Baker, 410 F. Supp. 2d at 767.[3] I remanded based on the uncertainty of this conclusion and my inability to decide

---

[3] I also note that the testimony as to Milo's behavioral problems was somewhat at odds with the educational records, which generally portrayed Milo as a quiet, well-behaved boy.

5

the issue for the ALJ.[4] See Cunningham, 440 F.3d at 864-65 (denying fees where ALJ discussed testimony but failed to "connect all the dots in his analysis"). Similarly, the ALJ did not ignore the January 2004 teacher's report that cut against his conclusion; he simply failed to adequately explain why the report did not require a different conclusion. See id. at 865 (denying fees under Stein where ALJ generally discussed the evidence but did not explain its significance to his conclusion).

Stein does not hold that an ALJ's failure to explain himself can never support a fee award. Conrad, 434 F.3d at 991. However, under the facts of this case, given the support in the record for the decision and the nature of the ALJ's errors, it counsels denial of the motion. Cf. Wates v. Barnhart, 288 F. Supp. 2d 947, 953-54 (E.D. Wis. 2003) (collecting cases distinguishing Stein based on errors that extended beyond a mere failure to articulate).

Finally, because the Seventh Circuit has held that the ALJ need only "minimally articulate" himself, Rice v. Barnhart, 384 F.3d 363, 371 (7th Cir. 2004), it was not unreasonable for the Commissioner to defend the ALJ's decision in this court. The articulation requirement is, as noted above, "deliberately flexible," Stein, 966 F.2d at 319, leaving room for reasonable differences of opinion as to the adequacy of the ALJ's explanation. Cf. Stephens v. Heckler, 766 F.2d 284, 287 (7th Cir. 1985) ("If a sketchy opinion assures us that the ALJ considered the important evidence, and the opinion enables us to trace the path of the ALJ's reasoning, the ALJ has done enough.").

---

[4] Plaintiff argues that the ALJ violated SSR 96-7p in evaluating the credibility of the testimony. However, I made no finding of a violation of that SSR at the merits stage. Neither can I accept plaintiff's argument that, because the ALJ's decision failed to comport with the Seventh Circuit's explication requirements, it lacked a reasonable basis in law.

6

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (Docket # 22) is **DENIED**. Plaintiff's request for costs in the amount of $325.98 is **GRANTED**. The Clerk is directed to enter an amended judgment in accordance with this decision.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge